Okocha v. Trans Union LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of November, two thousand twelve.

PRESENT:
> Amalya L. Kearse,
> Chester J. Straub,
> Rosemary S. Pooler,
> > *Circuit Judges.*

———————————————————————

Osita Emmanuel Okocha,

> *Plaintiff-Appellant*,

> v.                                                        11-1783

Trans Union LLC, Experian Information Solutions
Inc., and Equifax Information Services LLC,

> *Defendants-Appellees*.

———————————————————————

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Osita Emmanuel Okocha, *pro se*, Far Rockaway, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Timothy P. Creech; Kogan, Trichon & Wertheimer, P.C., Philadelphia, Pa., *for Trans Union LLC*. |

Nicholas W. Haddad; Jones Day, New York, NY, *for Experian Information Solutions Inc.*

Barry Goheen; King & Spalding LLP, Atlanta, GA, *on the brief*, *for Equifax Information Services LLC*.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant Osita Emmanuel Okocha, an attorney proceeding *pro se*, appeals the district court's grant of summary judgment, dismissing his complaint alleging various violations of the Fair Credit Reporting Act and New York law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotations omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

2

Upon such review, we conclude that Okocha's appeal is without merit substantially for the reasons articulated by the district court in its well-reasoned order. *Okocha v. Trans Union LLC*, No. 08-cv-3107, 2011 WL 2837594 (E.D.N.Y. Mar. 31, 2011). We have considered all of Okocha's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3